**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**PAUL MITCHELL, 94-A-4110,**

                    **Plaintiff,**                    04-CV-0165(Sr)

v.

**MICHAEL MCGINNIS, Superintendent,**
**Southport Correctional Facility, et al.,**

                    **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #32.

Plaintiff commenced this action on March 15, 2004, alleging deprivation of his constitutional rights while incarcerated at the Southport Correctional Facility.  Dkt. #1.  At the time he filed his complaint, plaintiff was incarcerated at the Clinton Correctional Facility.  Dkt. #1.

The Court conducted a conference to resolve service issues on March 22, 2005.  Dkt. #34.  As a result of that conference, the U.S. Marshals were directed to effect service upon two remaining defendants, who were no longer employed by the New York State Department of Correctional Services ("DOCS"), by mailing copies of the summons and complaint to the Deputy Counsel of the New York State Department of

...

Corrections, who was directed to forward the summons and complaints to each defendant at their last known address. Dkt. #35. The defendants answered on June 22, 2005. Dkt. ##37 & 38.

Plaintiff has had no contact with the Court since March 22, 2005. DOCS' Inmate Information Service indicates that plaintiff was released from the Clinton Correctional Facility on March 24, 2006. See http://nysdocslookup.docs.state.ny.us. Rule 5.2(d) of the Local Rules of Civil Procedure provides that

> A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. Papers sent to this address will be assumed to have been received by plaintiff.
>
> In addition, the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice.

Plaintiff has not provided the Court with an updated address as required.

As a result, the Court ordered plaintiff to show cause, in writing received by the undersigned at 416 U.S. Courthouse, Buffalo, New York no later than May 23, 2008, why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and warned plaintiff that his failure to comply with that Order would result in the dismissal of this action with prejudice. Dkt. #42. Not surprisingly, that order was returned to the Court as undeliverable with a notation that plaintiff was paroled.

Inasmuch as plaintiff has failed to provide the Court with a current address as required by Rule 5.2 of the Western District of New York's Local Rules of Civil Procedure, and has had no contact with the Court since March 22, 2005, the Court hereby exercises its discretion, pursuant to Fed. R. Civ. P. 41(b), to dismiss this action for failure to prosecute.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 1, 2008

                                           s/ H. Kenneth Schroeder, Jr.
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**